McINNIS, Judge.
The two plaintiffs in this case allege that defendant has set up and is maintaining a segregated system of registering electors based solely on race and color, in violation of the fourteenth and fifteenth amendments to the Constitution of the United States, in that all Negroes are forced to seek registration in a small room along the corridor of the court house, which is unequal and inadequate in floor space and personnel, as contrasted with that provided for white applicants, who are permitted to register in the main office which has more floor space and personnel.
Plaintiff Cooper says that on February 6, 1953 at about 11:15 a. m. he went into the main registration office and was told he had to register out in the hall, and was denied application in the main office, despite the fact that there was adequate floor space and personnel, and he was forced to stand in a line of people moving very slow, and he had to leave without registering.
Plaintiff Hill says he was not allowed to register because he failed to satisfactorily answer questions of a deputy as to the state and federal constitutions, though he filled out his application correctly, and that white applicants are not required to answer such questions, but are given assistance.
The prayer of the petition is for an injunction to prohibit the defendant from doing the things complained of in the petition.
In a supplemental petition, plaintiff Hill alleges that the requirement to give a reasonable interpretation of the state and federal constitutions vests in the Registrar of Voters unlimited discretion to grant or deny plaintiffs and others similarly situated, the right to register as electors; and that the statute is vague, uncertain and undefined, and does not provide a definite standard or test in determining the qualification of electors.
When the rule to show cause was called for trial defendant filed exceptions of non joinder of parties, lack of capacity and in *607 terest, improper cumulation of actions, exception of no cause and no right of action.
A second supplemental petition was filed, over objection of defendant, in which plaintiffs say they are entitled to a declaratory judgment decreeing that the actions of the defendant in doing the various acts complained of in the original and first supplemental petitions violate the fourteenth and fifteenth amendments to the Constitution of the United States. The prayer of the original petition was also amended so as to pray for a permanent injunction against the defendant, and for the declaratory relief set forth in the second amended petition.
The exception of non joinder was leveled at failure of plaintiffs to make the Police Jury a party to the suit, because the Police Jury elects the Registrar of Voters and allots space in the court house for offices.
The next exception is to the capacity of plaintiffs to appear for the Negro race as a class.
The petition is excepted to for the reason that plaintiffs have asked only for a preliminary injunction, and that there is no main demand to which the injunction is ancillary.
Answering the rule to show cause, defendant admitted that he maintained two separate sections of his office, one for registering white applicants, and one for Negro applicants, 'but he explains the necessity for this. The other allegations are denied. The answer to the merits is the same as the answer to the rule.
The second supplemental and amended petition is excepted to as disclosing no cause and no right of action, and in the event the exception is overruled, denies the allegations of this petition.
All of the exceptions were overruled, and the trial was proceeded with. A stipulation was entered into whereby it was agreed that trial on the rule be consolidated with trial on the merits, and that the judgment rendered on application for a preliminary injunction be made final judgment on the merits, subject to the exceptions filed 'by defendant.
After trial, judgment was rendered and signed permanently enjoining Octave G. Beauregard, Registrar of Voters of Rapides Parish, from maintaining a segregated system of registering voters based on color and race, and from persisting in the practice of making it more difficult for Negroes to register than is made for white applicants, and from subjecting Negroes to tests and conditions not required of white persons, and enjoining the Registrar, his deputies and agents from making any distinction whatsoever based on race and color, in registering citizens to vote in Rapides Parish.
The judgment further declared that the practice of providing inferior registration facilities for negroes, solely because of race and color, and the practice of the Registrar of Voters and his deputies of making it more difficult for Negroes to register solely because of race and color violates the fourteenth and fifteenth amendments to the Constitution of the United States.
The appeal was made returnable on June 22, 1953, and the record was filed here on that day. During the month of July, 1953 defendant Beauregard resigned as Registrar of Voters of Rapides Parish, and as the injunction was, and could only have been in favor of the two plaintiffs and against defendant individually, the question is now moot for the reason that defendant is no longer Registrar of Voters of Rapides Parish.
No formal motion has been made to dismiss the appeal for the reason that the question is now moot, however counsel for both plaintiff and defendant say in brief that the question is moot, and counsel for plaintiff says:
“It is submitted that plaintiffs sought and obtained a strictly in personam judgment against Octave G. Beauregard, which judgment and issues predicated thereon have become moot since defendant is no longer Registrar of Voters. This appeal should therefore b« dismissed.”
*608 However in order to prevent tbe possibility of any future misunderstanding or misinterpretation as to the effect of our action in dismissing this appeal on the grounds above set forth, we point out that this action is not to be considered as a pronouncement upon the merits of the issues presented. We do not wish our action to be construed as approving or disapproving the holding of the district judge on the merits of the controversy. Accordingly, the effectiveness of any relief under like conditions and circumstances which may be sought -in the future must be considered on its own merits.
For these reasons, the appeal is dismissed ex proprio motu, at the cost of defendant in the lower court and in this court.